IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D'AMBROSSE KANE GARLAND,<br>　　　　Petitioner,<br>　　v.<br>WARDEN OF SCI HOUTZDALE, The<br>ATTORNEY GENERAL of PENNSYLVANIA,<br>and the ALLEGHENY COUNTY DISTRICT<br>ATTORNEY,<br>　　　　Defendants. | Civil Action No. 23-194 |

## MEMORANDUM OPINION

Pending before the court is a petition for writ of habeas corpus (ECF No. 1) filed pro se by state prisoner D'Ambrosse Garland ("Garland") pursuant to 28 U.S.C. § 2254, with memorandum of law in support (ECF No. 2). Defendants filed a response in opposition to the petition, with 30 exhibits attached. (ECF No. 9). Garland filed a reply brief (ECF No. 13). The petition is ripe for decision.

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. The magistrate judge reviewed records from the criminal proceedings in the Allegheny County Court of Common Pleas. On March 22, 2024, the magistrate judge filed a Report and Recommendation ("R&R") (ECF No. 16), recommending that the petition be denied and a certificate of appealability not be issued.

The R&R stated that Garland's objections must be filed by April 8, 2024. *Id.* He was cautioned that a failure to file objections would waive his right to appeal. No objections were filed.

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

1

Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dep't of Corrections*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

The R&R thoroughly set forth the applicable standard of review, properly analyzed Garland's claim of ineffective assistance of counsel, and reviewed the factual record and determinations made by the state court. In particular, the magistrate judge correctly observed that Garland, while under oath, made numerous representations about his satisfaction with his attorney, his understanding of the charges against him, his receiving no promises or threats which caused him to plead guilty (which is directly contrary to the argument he advances in his petition), and his decision to plead guilty being voluntary. *See* R&R at 13-14 (reviewing the opinion of the Pennsylvania Superior Court). Garland did not meet his burden to show an entitlement to relief under § 2254.

Following an independent review of the record, the court is satisfied that the R&R contains no clear error and will accept the recommendation of the magistrate judge. The court will adopt the R&R (ECF No. 16) as the opinion of the court, as supplemented herein.

The court agrees with the magistrate judge that a certificate of appealability should not issue. Jurists of reason would not find it debatable that Garland's petition should be denied.

Conclusion

For the reasons set forth in the magistrate judge's R&R (ECF No. 16), to which no objections were filed, the petition for writ of habeas corpus (ECF No. 1) filed by Garland pursuant to 28 U.S.C. § 2254, will be denied. The R&R will be adopted as the opinion of this court, as supplemented herein. No certificate of appealability will be issued.

An appropriate Order will be entered.

BY THE COURT:

Dated: July 9, 2024

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Court Judge